IN RE FRANCISCO NAVARRO MENDÍA, Respondent.

No. 83. Argued February 1, 1955.—Decided May 31, 1955.

*José Trías Monge, Attorney General,* and *Baldomero Freyre, Special General Prosecuting Attorney,* for the People. *César Andréu Ribas* and *Guillermo Cintrón Ayuso* for respondent.

PER CURIAM.

On December 4, 1953, the Special Attorney General, by delegation of the Attorney General, filed in this Court a disbarment proceeding against Mr. Francisco Navarro Mendía, attorney-at-law. The respondent answered and by decision of April 2, 1954, we appointed Judge J. M. Calderón, Jr., to act as Master and hear and receive all the evidence that the parties wished to introduce, certifying and submitting it to this Court with his findings of fact. The following charges were made in the petition against respondent:

"FIRST: That Mr. Francisco Navarro Mendía, acting as one of the attorneys of Víctor Maneiro, defendant in case No. 587 of the Superior Court of Puerto Rico, Division of Eminent

Domain, withdrew from said Court, check No. 2038 of October 30, 1952, to the order of Víctor Maneiro, for the sum of seven hundred (700) dollars, which had been deposited by The People of Puerto Rico in favor of the defendant Víctor Maneiro, for a parcel of land and building which he owned, located in Salinas, Puerto Rico, object of the condemnation proceeding in case No. 587 of the Court of Eminent Domain of Puerto Rico, and on November 18, 1952, the said Francisco Navarro Mendía, unlawfully, voluntarily, maliciously, and with the intention to defraud, without the due authority or consent of Víctor Maneiro, circulated and presented for its collection in the Banco Popular de Puerto Rico, Santurce Branch, Puerto Rico, the check referred to in this count, with the forged indorsement of Víctor Maneiro, knowing then and there that the indorsement was illegal and forged, receiving for said check the sum of seven hundred (700) dollars in legal tender of the United States of America, retaining said sum of money for his own benefit and to the prejudice of Víctor Maneiro, its legitimate owner, until some time in the month of June 1953, when he finally delivered to Víctor Maneiro the amount of the check. Francisco Navarro Mendía made said payment to his client Víctor Maneiro after having learned that his conduct, in this respect, was being investigated by the inspectors of the Office of the Comptroller of Puerto Rico.

"SECOND: That Francisco Navarro Mendía, acting as one of the attorneys of Víctor Maneiro, defendant in case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, withdrew from said Court, check No. 2110 of December 29, 1952, to the order of Víctor Maneiro, for the sum of seven hundred ninety-four dollars and forty-eight cents ($794.48), which had been deposited by The People of Puerto Rico in favor of the defendant Víctor Maneiro, for a parcel of land which he owned, located in Salinas, Puerto Rico, object of the condemnation proceeding in case No. 587 of the Court of Eminent Domain of Puerto Rico, and on December 31, 1952, the said Francisco Navarro Mendía, unlawfully, voluntarily, maliciously, and with the intention to defraud, without the due authority or consent of Víctor Maneiro, circulated and presented for its collection in the Banco Popular de Puerto Rico, Santurce Branch, Puerto Rico, the check referred to in this count, with the forged indorsement of Víctor Maneiro, knowing then and there that the indorsement was illegal and forged,

receiving for said check the sum of seven hundred ninety-four dollars and forty-eight cents ($794.48) in legal tender of the United States of America, retaining said sum of money for his own benefit and to the prejudice of Víctor Maneiro, its legitimate owner, until some time in the month of June 1953, when he finally delivered to Víctor Maneiro the amount of the check. Francisco Navarro Mendía made said payment to his client Víctor Maneiro after having learned that his conduct, in this respect, was being investigated by the inspectors of the Office of the Comptroller of Puerto Rico.

"THIRD: That Francisco Navarro Mendía, acting as one of the attorneys of Gervasia Torres Ortiz, defendant in case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, withdrew from said Court, check No. 2198 of March 4, 1953, to the order of Gervasia Torres Ortiz, for the sum of four hundred twenty-seven dollars and fifty-two cents ($427.52), which had been deposited by The People of Puerto Rico in favor of the defendant Gervasia Torres Ortiz, for a parcel of land which she owned, located in Salinas, Puerto Rico, object of the condemnation proceeding in case No. 587 of the Court of Eminent Domain of Puerto Rico, and on March 6, 1953, the said Francisco Navarro Mendía, unlawfully, voluntarily, maliciously, and with the intention to defraud, without the due authority or consent of Gervasia Torres Ortiz, circulated and presented for its collection in the Banco Popular de Puerto Rico, Santurce Branch, Puerto Rico, the check referred to in this count, with the forged indorsement of Gervasia Torres Ortiz, knowing then and there that the indorsement was illegal and forged, receiving for said check the sum of four hundred twenty-seven dollars and fifty-two cents ($427.52), in legal tender of the United States of America, retaining said sum of money for his own benefit and to the prejudice of Gervasia Torres Ortiz, its legitimate owner, until some time in the month of June 1953, when he finally delivered to Gervasia Torres Ortiz the amount of the check. Francisco Navarro Mendía made said payment to his client Gervasia Torres Ortiz after having learned that his conduct, in this respect, was being investigated by the inspectors of the Office of the Comptroller of Puerto Rico.

"FOURTH: That Francisco Navarro Mendía, acting as one of the attorneys of Arcadio Colón Román, defendant in case No. 587 of the Superior Court of Puerto Rico, Division of

Eminent Domain, withdrew from said Court, check No. 2197, 'of March 4, 1953, to the order of Arcadio Colón, for the sum of one thousand three hundred thirty-six dollars and sixty-one cents ($1,336.61), which had been deposited by The People of Puerto Rico in favor of the defendant Arcadio Colón, for a parcel of land which he owned, located in Salinas, Puerto Rico, object of the condemnation proceeding in case No. 587 of the Court of Eminent Domain of Puerto Rico, and on March 11, 1953, counsel Francisco Navarro Mendía, unlawfully, voluntarily, maliciously, and with the intention to defraud, without the due authority or consent of Arcadio Colón Román, circulated and presented for its collection in the Banco Popular de Puerto Rico, Santurce Branch, Puerto Rico, the check referred to in this count, with the forged indorsement of Arcadio Colón, knowing then and there that the indorsement was illegal and forged, receiving for said check the sum of one thousand three hundred thirty-six dollars and sixty-one cents ($1,336.61), in legal tender of the United States of America, retaining said sum of money for his own benefit and to the prejudice of Arcadio Colón, its legitimate owner, until May 21, 1953, when he finally delivered to Arcadio Colón Román the sum of one thousand three hundred and two dollars ($1,302), which payment he made after having learned that his conduct, in this respect, was being investigated by the inspectors of the Office of the Comptroller of Puerto Rico, after having been warned by his client Arcadio Colón that he would file an action against him.

"FIFTH: That Francisco Navarro Mendía, having agreed with Arcadio Colón to charge him as attorney's fees 50 per cent (50%) of any amount obtained in excess of the sum deposited by The People of Puerto Rico in favor of said Arcadio Colón Román, for a parcel which he owned, located in Salinas, Puerto Rico, object of the condemnation proceeding in case No. 587 of the Court of Eminent Domain of Puerto Rico, unlawfully, without any just title or right thereto, retained for himself, alleging that he had a right to that money as his fees and notwithstanding the protest of Arcadio Colón Román, the sum of thirty-four dollars and sixty-one cents ($34.61), owned by Arcadio Colón Román. That the sum of thirty-four dollars and sixty-one cents ($34.61) was part of the compensation deposited by The People of Puerto Rico in favor of Arcadio Colón Román in case No. 587. That with said conduct Fran-

cisco Navarro Mendía has defrauded Arcadio Colón Román in the sum of thirty-four dollars and sixty-one cents ($34.61)."

Respondent answered the complaint alleging the following:

"1.—The respondent admits the first fact of the complaint, that he is one of the attorneys of Víctor Maneiro in the condemnation case before the Superior Court of Puerto Rico, Court of Eminent Domain, and admits that in said case he withdrew from said Court, with due authority, a check for the sum of seven hundred dollars. The respondent alleges that he did not know at the time of cashing the check and of circulating and presenting it for its collection in the Banco Popular de Puerto Rico, that the same had not been indorsed by the person in whose name it had been issued, and he further alleges that because of the many persons that he represented in said litigation and with whom he had professional relations, which consisted in many occasions of a single brief interview with a group of persons when he took charge of the suit, the respondent was not personally acquainted with his clients, and he admits having failed to exercise the due diligence, care and zeal in the protection of the interests of his clients, for the purpose of properly identifying the persons in whose names the checks were issued, the respondent being unable to remember the details of each one of the circumstances in which he had to cash checks such as that of Víctor Maneiro. He further alleges that he caused no prejudice whatsoever to Víctor Maneiro, since respondent delivered the complete amount of the check to said client before he had any knowledge that an investigation was being carried out.

"2.—Answering the second count of the complaint, the respondent reproduces entirely all the allegations in connection with the preceding first count because it dealt with the same person, the same facts and the same circumstances.

"3.—As to fact or count number three of the complaint, the respondent admits that he is one of the attorneys of Gervasia Torres Ortiz, in civil case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, and that in said case the respondent withdrew, with due authority, a check for the sum of four hundred twenty-seven dollars and fifty-two cents ($427.52) to the order of Mrs. Gervasia Torres Ortiz. The respondent alleges that he did not know at the time of cashing

the check and of circulating and presenting it for its collection in the Banco Popular de Puerto Rico, that it had not been indorsed by the person in whose name it had been issued, and he further alleges that because of the many persons that he represented in said litigation and with whom he had professional relations, which consisted in many occasions of a single brief interview with a group of persons when he took charge of said suit, the respondent was not personally acquainted with his clients, and he admits having failed to exercise the due diligence, care and zeal in the protection of the interests of his clients, for the purpose of properly identifying the persons in whose names the checks were issued, the respondent being unable to remember the details of each one of the circumstances in which he had to cash checks such as that of Gervasia Torres Ortiz. He further alleges that he caused no prejudice whatsoever to Gervasia Torres Ortiz, since respondent delivered the complete amount of the check to said client before he had any knowledge that an investigation was being carried out.

"4.—Answering the fourth count of the complaint, the respondent reproduces his allegations in connection with charges one and two, since the facts and surrounding circumstances of said charge were identical with the present count, except that it was a different person.

"5.—In connection with count number five the respondent admits having charged Arcadio Colón Román a sum for attorney's fees which, because he is unable to remember whether it was the sum of $34.61 alleged in the complaint, he admits it as true, but he likewise alleges that he had a lawful right to charge said sum, inasmuch as his professional undertakings and expenses in order to deliver to Arcadio Colón Román the amount of the funds withdrawn, cost much more than what he charged, and the agreement between the parties, to which the allegation in the charge refers, was limited solely and exclusively to the amount obtained in excess of the sum deposited in court, but there was an agreement between his clients, among them Arcadio Colón Román, and the respondent, that the latter would receive a fair and reasonable sum for taking steps in withdrawing the funds deposited in court.

"6.—The respondent alleges that he has been in the practice of his profession as attorney for seventeen years without any person having complained against his professional con-

duct; that during a long part of this time the respondent has been an employee of the Government of Puerto Rico, holding positions of great responsibility in the Department of Justice, and that no complaint has ever been made by his superior officers as to his professional conduct or the fulfillment of his professional duties, having filled positions as attorney-notary in agencies of the Federal Government; that in the charges which give rise to this complaint against him the respondent has caused no prejudice whatsoever to his clients; that notwithstanding these charges, the respondent still continues representing them, with their authority and express will, in their claims for higher value of their condemned parcels which implies that they trust him and that they have continued the most cordial relations with him as attorney and clients.

"WHEREBY the respondent, having admitted his lack of foresight, his negligence, and unfulfillment of his professional obligations, respectfully prays this Honorable Court to take that disciplinary action which it deems pertinent."

Hearings were held before a Master and after having weighed the evidence adduced by the parties and the briefs submitted, the latter made the following "Findings of Fact":

"The respondent was admitted to the practice of the profession of attorney by the Honorable Supreme Court of Puerto Rico on June 15, 1936, and likewise he was admitted and authorized by said Court to the practice of his profession of notary on July 20, 1936.

"That since his admission the respondent has been practicing the profession of attorney and notary in the Island of Puerto Rico and continues in its practice, at present having his office in the city of San Juan, Puerto Rico.

"That the respondent, being one of the attorneys of Víctor Maneiro, defendant in case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, withdrew from said Court, check No. 2038 of October 30, 1952, to the order of Víctor Maneiro, for the sum of $700, which amount had been deposited by The People of Puerto Rico in favor of the defendant for a parcel of land and building located in Salinas, Puerto Rico

"That on November 18, 1952, the respondent, Francisco Navarro Mendía, presented said check for collection and cashed the same in the Banco Popular de Puerto Rico, Santurce Branch.

"That the indorsement (Víctor Maneiro) which appears on said check was not written by Víctor Maneiro nor did he authorize any person to indorse or sign his name.

"That one day in the month of September, 1953 (sic), the respondent stated to Maneiro, in Salinas, that he was fixing the deeds in order to collect the money of the condemnation, but half an hour later a government investigator arrived and showed Maneiro the check in question which had been cashed by the respondent on November 18, 1952, that is, 5 months prior to the date when he made his statements.

"That the respondent collected the check in question and retained the amount of the check from November 18, 1952, until one day in the month of June, 1953, when he delivered the amount of the check to the defendant Víctor Maneiro, all of it after he learned about the investigation being carried out by the inspectors of the Office of the Comptroller of Puerto Rico.

"That the respondent retained for himself the sum of $45 from the amount deposited by The People of Puerto Rico in favor of Maneiro, alleging that he was entitled to three per cent for attorney's fees, although the agreement was to retain fifty per cent of any amount obtained in excess of the sum deposited by The People of Puerto Rico.

"That Francisco Navarro Mendía, as counsel of Víctor Maneiro, on December 29, 1952, withdrew from the Superior Court of Puerto Rico, Division of Eminent Domain, check No. 2110 issued to the order of Víctor Maneiro, for the sum of $794.48, which amount had been deposited by The People of Puerto Rico in payment of a parcel of land owned by said defendant in Salinas, Puerto Rico, and which was likewise object of a condemnation proceeding in civil case No. 587. That on December 31, 1952, the respondent, without due authority or consent, circulated and presented said check for its collection in the Banco Popular de Puerto Rico, Santurce Branch, receiving the sum of $794.48 in legal tender of the United States of America, retaining said sum of money for his own benefit until one day in June 1953, when he finally

delivered to its owner Víctor Maneiro the amount of the check, upon learning that his conduct was being investigated by the Office of the Comptroller of Puerto Rico.

"That Víctor Maneiro had not authorized the respondent or any other person to indorse his name on said check and that the signature appearing therein was not Víctor Maneiro's.

"That said respondent Francisco Navarro Mendía, acting as one of the attorneys of Gervasia Torres Ortiz, defendant in case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, withdrew from said Court, check No. 2198 of March 4, 1953, issued to the order of Gervasia Torres Ortiz, for the sum of $427.52 which was the amount of the deposit made by The People of Puerto Rico as payment for the condemnation of a parcel of land owned by said defendant, located in Salinas, Puerto Rico, and that likewise, on March 6, 1953, said Francisco Navarro Mendía, without due authority or consent from Gervasia Torres Ortiz, circulated and presented said checks for its collection in the Banco Popular de Puerto Rico, Santurce Branch, with the forged indorsement of Gervasia Torres Ortiz, receiving the sum of $427.52 in legal tender of the United States of America, and retaining said sum of money to the prejudice of Gervasia Torres Ortiz, its legitimate owner, until one day in June 1953, when he finally gave her the amount of the check.

"That the indorsement (Gervasia Torres Ortiz) was a cross made on the back of the check, notwithstanding the fact that Gervasia Torres could sign her name.

"That the attorney Navarro Mendía proceeded to pay said check to Gervasia Torres Ortiz after learning that his conduct was being investigated by the inspectors of the Office of the Comptroller of Puerto Rico in connection with case No. 587.

"That Francisco Navarro Mendía, acting as one of the attorneys of Arcadio Colón Román, defendant in civil case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, withdrew from said Court, check No. 2197 of March 4, 1953, issued to the order of Arcadio Colón Román, for the sum of $1,336.61 which amount had been deposited by The People of Puerto Rico in favor of said defendant, for a parcel of land which he owned, located in Salinas, Puerto Rico, object of the condemnation in case No. 587.

"That on March 11, 1953, the respondent presented for its collection and cashed said check in the Banco Popular de Puerto

Rico, San Juan Branch. That the indorsement 'Arcadio Colón' was not made by the defendant nor did he authorize any person whatsoever to cash said check. That the respondent, Francisco Navarro Mendía, knew Arcadio Colón personally, with whom he had talked at the house of Caroberto Colón, in Salinas, and had delivered him $6 for the complaint in the suit. That when Arcadio Colón made inquiries in the Court of Eminent Domain as to the status of his case, and was informed that his check had been cashed, he went to the office of the respondent who received him with the phrase 'Eh, Arcadio,' and upon telling him the object of his visit, Navarro Mendía told him that a young man which looked like defendant, Arcadio Colón Román, had come to look for the money, he had withdrawn it and delivered it to him.

"When the defendant told him 'that he could not lose his money' the respondent gave him a personal check for the amount of his compensation in the suit, pre-dated June 1, 1953, telling him to present it to Pepito Turrado, if he needed cash, but to give him time to investigate the whereabouts of the man to whom he had given the money.

"That on May 20, 1953, when Mr. Turrado told Colón that the check was a blank paper, Colón sent a telegram to the respondent from Salinas, telling him because he was not satisfied with the check, to visit him at the hospital where he was confined as a result of an accident, 'before taking him to court.'

"The day after sending the telegram, the respondent went to the Hospital de Salinas together with Mr. Carlos M. Dávila, attorney-at-law, and gave him the sum of $1,302 as payment of his check for $1,336.61, obtaining at the same time a receipt for payment signed by Arcadio Colón Román.

"That upon making the payment of $1,302 the respondent, Francisco Navarro Mendía, already knew that his acts were being investigated by the inspectors of the Office of the Comptroller of Puerto Rico. That he likewise retained for his own benefit and to the prejudice of Arcadio Colón Román the amount of $1,336.61, from March 11, 1953, until May 21 of that same year, when he finally delivered the amount mentioned above to the defendant.

"That the respondent and the other attorneys had agreed to charge their clients, including Arcadio Colón Román, fifty

per cent of any excess obtained over the amount deposited by The People of Puerto Rico in favor of said clients, but that they would have no right to deduct any amount from the sums deposited. That this notwithstanding, the respondent retained the sum of $34.61 for attorney's fees.

"That the checks involved in these charges would have reached their owners in time if the respondent had not interfered in collecting and retaining for his benefit the amount of the checks.

"That the defendants in civil case No. 587 of the Superior Court of Puerto Rico, Division of Eminent Domain, except for the delay in receiving their money and the fees charged in excess of the agreement, have received no other material prejudice to their interests because of respondent's actions.

"That respondent's actions entail an unlawful conduct, reprehensible and improper in the practice of the profession of an attorney."

The complainant filed a brief stating that he agreed with the former findings. The respondent raised objections which in our opinion are devoid of merit except where he sustained that the conclusion reached by the Master that the respondent retained, without being entitled to it, the sum of $45 from the amount deposited by The People of Puerto Rico in favor of Víctor Maneiro should be eliminated, said objection being based on the fact that the retention of said sum was not the object of any charge. We have decided not to take it into consideration, in view of the nature of the proceeding.

All the other findings of fact are amply supported by the evidence and in view of the nature of the charges which were duly established, the respondent will be removed from the practice of the profession of attorney and notary in this Island, and an order will be entered to that effect.

Mr. Justice Negrón Fernández and Mr. Justice Belaval did not participate herein.